## THE STATE (R. L. COLT, PROSECUTOR,) v. POWERS, COLLECTOR.

When the charter of a corporation exempts the corporation or its property from taxation, the stock of such corporation is also exempt, and cannot be taxed in the hands of the stockholders.

This was a *certiorari* to remove the assessment made on the property of the prosecutor in the south ward of the city of Paterson. The property of the prosecutor assessed in that ward consisted chiefly of the stock of the Society for the Establishment of Useful Manufactures.

The cause was argued, before the CHIEF JUSTICE and Justices HAINES and OGDEN, at the same time with the next pre-

ceding case, by Mr. *W. Pennington* and Mr. *Dayton*, for R. L. Colt, and by Mr. *Zabriskie*, for defendant.

The CHIEF JUSTICE delivered the opinion of the court.

The prosecutor complains of an assessment of taxes made upon his property in the south ward of the city of Paterson, in the year 1852. The tax, amounting to $2412, is wholly for city and county purposes. The assessment was made under a supplement to the charter of the city of Paterson, passed on the 30th of April, 1852.

The only reason for reversal that requires notice is, because the greater part of said assessment is for stock of the prosecutor in the Society for Establishing Useful Manufactures, which stock is, by the charter of said society, exempt from all township, county, and city taxes.

It has been decided in the case of *The State* v. *Flavell*, that the Society for Establishing Useful Manufactures is by its charter exempt from all taxes whatsoever imposed under the authority of this state, except taxes for the use of the state. That it is not liable to any tax for county, township, or city uses.

The principle has been repeatedly recognised, and must be considered as clearly settled, that when an incorporated company is by its charter exempt from taxation, the stock of the company in the hands of the stockholders is also exempt. *The State* v. *Branin*, 3 *Zab.* 484; *The State* v. *Bentley*, 3 *Zab.* 532.

The principle applies as well to a partial as to a total exemption, to an exemption from certain specified taxes as to an exemption from all taxes.

A distinction was suggested between the cases cited and that now under consideration, upon the ground that the charters of the railroad companies exempt the corporation itself from taxation, whereas the charter of the society exempts not the corporation, but its property only. The difference of phraseology creates no real distinction in the two cases. The property of the stockholders was held to be exempt, not upon the ground that the corporation and the individual stockhold-

ers are included under the same description, or that their rights are identical, for they obviously are not; but that in fact to tax the one was virtually to tax the other, and that an exemption of the corporation and the property of the corporation was nugatory, unless it carried with it an exemption, also, of the individual stockholders. Property, said Justice Elmer, which is exempted from a tax levied or assessed on the corporation is likewise exempt from a tax assessed for its value upon the respective stockholders.

There was room for doubt, and it was at one time much questioned whether an exemption of the corporation from taxation extended to the property of the corporation, or whether it was a mere exemption of the franchise or person of the body corporate. *The State* v. *Berry*, 2 *Harr.* 80 ; *The Camden and Amboy Railroad Co.* v. *Hillegas*, 3 *Harr.* 11, 71 ; *Gardner* v. *The State*, 1 *Zab.* 557.

There can be no doubt that the language of the charter of the Society for Establishing Useful Manufactures operates as an exemption of the body corporate from all taxation whatever. Its entire property, real and personal, is exempt. Its very franchise is a part of its property. The body corporate, therefore, can be subject to no taxation whatever, either for its lands, its chattels, or its franchise. The stock of the society held by the prosecutor is not liable to taxation. The assessment is erroneous in including it as a part of the prosecutor's taxable property, and must be corrected accordingly.